UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL MOHAMMED SALAMI,

              Plaintiff,

                                Case No. 2:19-cv-11558
v.                                 Hon. George Caram Steeh

MICHAEL EAGEN, SONIA WARCHOK,
ANTHONY KING, GWENDYLYN WARREN,
and HEIDI WASHINGTON,

              Defendants.

_____/

**OPINION AND ORDER DISMISSING DEFENDANT WASHINGTON,
DENYING THE MOTION FOR A PRELIMINARY INJUNCTION [6],
DENYING THE REQUEST TO CERTIFY A CLASS ACTION [7],
DENYING THE REQUEST FOR A DECLARATORY RULING [8],
AND DENYING THE REQUEST TO FILE A COMPLAINT [12]**

## I.  Introduction

This matter has come before the Court on Michael Mohammed

Salami's pro se complaint under 42 U.S.C. § 1983, the Religious Land Use

and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, and the Religious

Freedom Restoration Act, 42 U.S.C. § 2000bb, et seq.  Plaintiff is a Muslim

and state prisoner at the Saginaw Correctional Facility in Freeland,

Michigan.  The defendants are:  Michael Eagen, Chairman of the Michigan

Parole Board; Sonia Warchok and Anthony King, two members of the

Michigan Parole Board; Gwendylyn Warren, a therapist employed by the Michigan Department of Corrections (MDOC); and Heidi Washington, Director of the MDOC.  Plaintiff sues the defendants in their personal capacities for money damages, a declaratory judgment, and injunctive relief.

Plaintiff alleges in his complaint that, from May 3, 2018, to December 7, 2018, defendant Eagen forced him to participate in Alcoholics Anonymous (AA) and Narcotics Anonymous (NA) at the Detroit Re-Entry Center, which is a programing center for parolees.  As part of the programming, Plaintiff was required to engage in prayer, listen to religious speeches, and use materials that contain references to the serenity prayer, God, and spirituality.  Defendant Warren, moreover, allegedly forced Plaintiff to consent to treatment, to listen to her religious speeches, and to say serenity prayers.   Plaintiff states that, as a Muslim, he may only pray to Allah, and Warren refused to allow him to make Wudu or to pray in an Islamic style.[1]

---

[1] "Wudu is a religious ritual that involves the washing of body parts."  *Favors v. Leach*, No. 2:16-CV-33, 2019 WL 2261119, at *1 (W.D. Mich. Jan. 17, 2019), report and recommendation adopted, No. 2:16-CV-33, 2019 WL 1397086 (W.D. Mich. Mar. 28, 2019) (unpublished).

Plaintiff further alleges that defendants Warchok and King gave him a twelve-month "flop" and wrote frivolous misconduct tickets about him to discredit him. Plaintiff contends that Eagen suspended his parole because Plaintiff asked the Parole Board for a secular, alternative program to the "higher power" programs such as AA and NA. Plaintiff blames defendant Washington for failing to create an alternative program and for allowing the defendants' illegal conduct to occur.

## II. Analysis

The Court granted Plaintiff permission to proceed without prepaying the fees and costs for this action. See ECF No. 11. Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; 42 U.S.C. § 1997e(c)(1); Flanory v. Bonn, 604 F.3d 249, 252 (6th Cir. 2010); Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if

the allegations, taken as true, show the plaintiff is not entitled to relief."

Jones v. Bock, 549 U.S. 199, 215 (2007).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

## A. Defendant Heidi Washington

As noted above, Plaintiff sues the defendants in their personal capacities. See Compl., ECF No. 1, p. 4, PageID.4. "Personal-capacity suits seek to impose personal liability upon a government official for actions he [or she] takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (alteration added). An individual is personally liable when "the official, acting under color of state law, caused the deprivation of a

federal right." Id. at 166. Nevertheless, "[p]ersonal capacity suits for damages require personal involvement and cannot be based on respondeat superior." Harrington v. Grayson, 764 F. Supp. 464, 476 (E.D. Mich. 1991) (citing Risso v. Goode, 423 U.S. 362, 371-73 (1976)).

Plaintiff attempts to hold defendant Washington liable for failing to create an alternative program to AA and NA and for refusing to do anything about the defendants' allegedly illegal behavior. The complaint, however, fails to indicate that Washington was personally involved in requiring parolees to participate in AA and NA, and she cannot be held liable on a theory of vicarious liability for failing to properly supervise the other defendants, because vicarious liability is not applicable in § 1983 lawsuits. Iqbal, 556 U.S. at 676. Accordingly, the Court summarily dismisses defendant Washington from this lawsuit.

**B. The Motion for a Preliminary Injunction and Protective Order**

In a document filed as a "Motion for Preliminary Injunction and Protection Order," Plaintiff alleges that, on June 6, 2019, the librarian at the Saginaw Correctional Facility refused to make photocopies for him. According to Plaintiff, the librarian also refused to provide Plaintiff with free paper, pens, and carbon paper even though Plaintiff is indigent. Plaintiff asserts that, pursuant to a prison policy directive, he is entitled to the items

which he requested, and the librarian is retaliating against him for filing a lawsuit against the named defendants.  See ECF No. 6, pp. 2-4, PageID. 106-08.

Plaintiff seeks a preliminary injunction directing the librarian to make photocopies of exhibits and forms to serve on the parties and to provide him with pens, paper, and carbon paper.  He also seeks a protective order directing the defendants not to harass, stalk, retaliate, or threaten him for constitutionally protected conduct.  See id., pp. 4-5, PageID. 108-09.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  Overstreet v. Lexington-Fayette Urban Cty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002).  Moreover, "[t]he granting or refusing of a preliminary injunction is discretionary."  Fordson Coal Co. v. Maggard, 2 F.2d 708, 708 (6th Cir. 1924). Federal district courts ordinarily must consider the following four factors when deciding whether to grant a preliminary injunction:

> (1) the movant's chances of succeeding on the merits; (2) if the movant would likely be permanently harmed absent the injunction; (3) whether the injunction would cause substantial harm to third parties; and (4) whether the injunction would serve the public interest.

McGirr v. Rehme, 891 F.3d 603, 610 (6th Cir. 2018).

But "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." DeVose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (quoted with approval in Colvin v. Caruso, 605 F.3d 282, 300 (6th Cir. 2010)). Thus, "[a] motion for a TRO or preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable." Arrington v. Scott, 2013 WL 1080298, at *1 (W.D. Mich. Jan. 7, 2013), Report and Recommendation adopted, 2013 WL 1080296 (W.D. Mich. Mar. 14, 2013). Claims for injunctive relief must be pursued separately if they are unrelated to the factual bases of the complaint. Cummings v. Klee, No. 14-10957, 2018 WL 2693985, at *2 (E.D. Mich. June 5, 2018) (unpublished).

The librarian at the Saginaw Correctional Facility is not a party to this action, and the incident involving him on June 6, 2019, took place after the conduct that gave rise to the instant complaint. The incident with the librarian also took place at a different facility, and it involves entirely different conduct from the conduct challenged in Plaintiff's complaint.

Furthermore, Plaintiff merely speculates that the librarian is retaliating against him on behalf of the named defendants. According to Plaintiff's

own account of what the librarian said to him, it was MDOC's Office of

Legal Affairs, not the defendants, that directed the librarian not to provide

Plaintiff with the items he requested unless Plaintiff paid for the items.  See

Mot., ECF No. 6, pp 3-4, PageID. 107-08.  Accordingly, Plaintiff's motion for

injunctive relief (ECF No. 6) is denied as improperly brought in this lawsuit.

## C.  The Request for Class-Action Certification

Plaintiff has asked the Court to certify a class action in this case on

behalf of 800 unnamed parolees.  Plaintiff asserts that, due to the large

number of other prisoners and parolees who are, or will be, affected by the

defendants' use of AA and NA programs, joinder of separate complaints

would be impossible.  See Request for Class-Action Certification, ECF No.

7.

District courts retain "broad discretion in determining whether an

action should be certified as a class action."  Stout v. J.D. Byrider, 228 F.3d

709, 716 (6th Cir. 2000) (citing Sterling v. Velsicol Chem. Corp. 855 F.3d

1188, 1198 (6th Cir. 1988)).  The Federal Rules of Civil Procedure

> set[] forth four prerequisites to class certification:  (1) the class
> must be so numerous that "joinder of all members is
> impracticable;" (2) there must be "questions of law or fact
> common to the class;" (3) the claims of the representative party
> must be "typical" of the class; and (4) the representative party
> must be able to "fairly and adequately protect the interests of
> the class."  Fed. R. Civ. P. 23(a).  Rule 23(b) requires that the
> court find that common questions of law or fact predominate

over individual issues in the case.

Stout, 228 F.3d at 717. "A class action cannot be certified unless the numerosity, commonality, typicality, and adequacy requirements of Rule 23 are met." Powers v. Hamilton Cty. Pub. Def. Comm'n, 501 F.3d 592, 617 (6th Cir. 2007).

Plaintiff alleges that the rights of hundreds of other inmates or parolees are affected by the defendants' policy of requiring participation in AA and NA, but this is mere speculation. Furthermore, even if Plaintiff has satisfied the numerosity, commonality, and typicality requirements of Rule 23, he not demonstrated that he can fairly and adequately represent and protect the interests of the protected class. Although he alleges that he is a certified paralegal with over 900 hours of training, the Sixth Circuit Court of Appeals has stated that pro se prisoners generally cannot adequately or fairly represent a class. See Ziegler v. Michigan, 59 F. App'x 622, 624 (6th Cir. 2003); Palasty v. Hawk, 15 F. App'x 197, 200 (6th Cir. 2001). Plaintiff, in fact, admits that he cannot represent the proposed class. See Request for Class-Action Certification, ECF No. 7, p. 2, PageID. 113. Accordingly, the Court declines to certify a class action or to appoint Plaintiff as a class representative. The request for class-action certification (ECF No. 7) is denied.

## D. The Request for a Declaratory Ruling

Plaintiff seeks a declaratory ruling on his claims to prevent similar lawsuits in the future and to "make it easier to get an injunction to stop actions." Request for a Declaratory Ruling, ECF No. 8, p. 1, PageID. 116.

Federal district courts possess discretion in determining whether and when to entertain an action for declaratory relief. Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). In this case, moreover, it would be premature to enter a declaratory ruling because the complaint has not been served on the defendants. Until responsive pleadings are filed or the issues have been resolved, there is no basis for granting a declaratory ruling. Fritz v. Kern Cty, No. 1:07-cv-0377, 2007 WL 2695842, at *2 (E.D. Cal. Sept. 11, 2007) (unpublished). Accordingly, Plaintiff's request for a declaratory ruling (ECF No. 8) is denied without prejudice.

## E. The Request to File a Complaint

In his final request, Plaintiff states that he wishes to file a complaint against the Court on the basis that the Court has ignored his ex parte motions and requests. The Court has not ignored Plaintiff's case, and this order resolves Plaintiff's pending motion and requests. The Court anticipates that the case will now proceed to mediation or will be resolved after the defendants are served and have filed responsive pleadings.

Accordingly, a complaint or petition to compel further action in this case is unnecessary, and the Court denies Plaintiff's request (ECF No. 12) to file a complaint against the Court.

## III. Conclusion

For the reasons set forth above, the Court summarily dismisses defendant Heidi Washington from this lawsuit and denies Plaintiff's motion for a preliminary injunction and protective order (ECF No. 6), his request for class-action certification (ECF No. 7), and his request to file a complaint against the Court (ECF No. 12). The Court also denies without prejudice Plaintiff's request for a declaratory ruling (ECF No. 8).

It is so ordered.

Dated: July 16, 2019

s/George Caram Steeh
GEORGE CARAM STEEH

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 16, 2019, by electronic and/or ordinary mail and also on Michael Mohammed Salami #879045, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/Barbara Radke
Deputy Clerk

---