UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MOHAMMED SALAMI,

       Plaintiff,                          No. 19-11558

v.                                            District Judge George Caram Steeh
                                               Magistrate Judge R. Steven Whalen

TRUMBLEY, ET AL.,

       Defendants.
_____/

**ORDER**

Before the Court are the following nine motions filed by Plaintiff Michael Mohammed Salami:

    -Motion to secure video footage [ECF No.41]
    -Motion for leave for discovery [ECF No. 42]
    -Motion for interrogatories [ECF No. 43]
    -Motion for discovery [ECF No. 44]
    -Motion for production of documents [ECF No. 46]
    -Motion for testimony [ECF No. 47]
    -Motion to secure relevant evidence [ECF No. 48]
    -Motion for subpoena to serve evidence [ECF No. 50]
    -Motion to compel discovery [ECF No. 56]

With the exception of ECF No. 50, these motions all relate to requests for an order setting a discovery schedule or requests for production of specific discovery. Plaintiff's motion at ECF No. 50, although titled a motion to "serve" evidence, is in substance a motion for Defendant to *preserve* evidence, specifically video footage at the Saginaw

Correctional Facility on March 18, 2019; Plaintiff's mental health records; and misconducts and emails of Defendant Trombley.

Plaintiff is correct that the Court has not yet set a schedule for discovery. However, in lieu of an answer, Defendant filed a motion for summary judgment based on non-exhaustion [ECF No. 52], and that motion is still pending final decision. If it is ultimately granted, the case will be dismissed without prejudice, obviating the need for discovery. Therefore, it would be in the interests of judicial economy, as well as the parties' resources, to stay discovery until this dispositive motion is decided. In addition, when discovery is opened, requests for specific discovery are to be made in the first instance to the parties themselves, not to the Court. If a party has grounds to believe that the opposing party has not complied with a valid discovery request, the remedy is to then file a motion to compel discovery.

Accordingly, the following motions are DENIED WITHOUT PREJUDICE:

-Motion to secure video footage [ECF No.41]
-Motion for leave for discovery [ECF No. 42]
-Motion for interrogatories [ECF No. 43]
-Motion for discovery [ECF No. 44]
-Motion for production of documents [ECF No. 46]
-Motion for testimony [ECF No. 47]
-Motion to secure relevant evidence [ECF No. 48]
-Motion to compel discovery [ECF No. 56]

Plaintiff's Motion at ECF No. 50, which I construe as a motion to preserve evidence, is GRANTED IN PART AND DENIED IN PART. The motion is DENIED to

the extent that Defendant Trombley, as a Corrections Officer, would not have the custody or control of the evidence at issue. It is GRANTED to the extent that the Michigan Attorney General's Office, which is counsel for the Defendant, will notify non-party Michigan Department of Corrections to preserve evidence relevant to this case, including any video footage from the Saginaw Correctional Facility on March 18, 2019, to the extent that it currently exists.

In addition, all discovery is STAYED pending a final decision on Defendant's motion for summary judgment [ECF No. 52].

IT IS SO ORDERED.

Date: September 9, 2020               s/R. Steven Whalen
                                      R. Steven Whalen
                                      United States Magistrate Judge


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 9, 2020 electronically and/or by U.S. mail.

                                      s/Carolyn M. Ciesla
                                      Case Manager