UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MOHAMMED SALAMI,

    Plaintiff,                                     No. 19-11683

v.                                                District Judge George Caram Steeh
                                                      Magistrate Judge R. Steven Whalen

TRUMBLEY, ET AL.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

On May 28, 2019, Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections, filed a *pro se* civil complaint under 42 U.S.C. § 1983. Before the Court are his Motion for Clerk's Entry of Default [ECF No. 59] and his Motion for Default Judgment [ECF No. 60], which have been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that both motions be DENIED.

**I.    FACTS**

Plaintiff filed his initial complaint on May 28, 2019. On July 16, 2019, all Defendants were dismissed except for Defendant Trombley [ECF No. 16]. On July 18, 2019, the case was stayed and referred to the Pro Se Prisoner Early Mediation Program [ECF No. 17], and the stay was extended on September 17, 2019 [ECF No. 28]. On

-1-

October 22, 2019, the stay was lifted [ECF No. 29].  On October 28, 2029, Plaintiff filed an amended complaint [ECF No. 33].

Following service by the United States Marshal, Defendant Trombley executed and returned two waivers of service, which were docketed on December 11 and December 13, respectively ECF Nos. 37 and 38]. The earlier Waiver was sent to the Defendant on November 18, 2019 [ECF No. 37].

Within 60 days of the Waiver being sent to Defendant Trombley, he filed a motion for summary judgment on January 17, 2020 [ECF No. 52].

## II.   STANDARD OF REVIEW

In order for a Plaintiff to obtain a judgment by default, he or she must first obtain a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). A default judgment is governed by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (quoting *United States v. Topeka Livestock Auction, Inc.*, 392 F.Supp. 944, 950 (N.D. Ind. 1975) ). In *Vongrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1318 (S.D. Cal. 2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

*See also Ramada Franchise Sys.,* Inc., 220 F.R.D. 303, 305 (N.D. Ohio 2004) (quoting

*Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Penn. 1985) ) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local # 245 of the Jersey City Public Employees Union*, 511 F.Supp. 171, 176 (D.N.J. 1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

### III.   DISCUSSION

First, there is no basis for a Clerk's entry of default, because Defendant Trombley has not defaulted. The U.S. Marshal sent Defendant a Waiver of Service pursuant to Fed.R.Civ.P. 4(d) on November 18, 2019. Defendant executed and returned the Waiver less than 30 days later, on December 11, 2019. Under Rule 4(d)(1)(F), the Waiver was returned timely. Under Rule 4(d)(3), the Defendant was required to serve a responsive pleading within 60 days of when the Waiver was sent. Therefore, Defendant's responsive pleading was due on or before January 17, 2020.  And on that very date, Plaintiff filed and served his Motion for Summary Judgment [ECF No. 52]. There being no default, there can be no Clerk's entry of default.

And since there is no Clerk's entry of default under Rule 55(a), there can be no default judgment under Rule 55(b).

### IV.   CONCLUSION

I recommend that Plaintiff's Motion for Clerk's Entry of Default [ECF No. 59]

and his Motion for Default Judgment [ECF No. 60] both be DENIED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: September 9, 2020            s/R. Steven Whalen
                                    R. Steven Whalen
                                    United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was sent to parties of record on September 9, 2020 electronically and/or by U.S. mail.

                                      s/Carolyn M. Ciesla
                                      Case Manager