UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MOHAMMED SALAMI,

            Plaintiff,                                  No. 19-11683

v.                                                      District Judge George Caram Steeh
                                                        Magistrate Judge R. Steven Whalen

TRUMBLEY, ET AL.,

            Defendants.

_____/

**REPORT AND RECOMMENDATION**

On May 28, 2019, Plaintiff, a prison inmate in the custody of the Michigan

Department of Corrections, filed a *pro se* civil complaint under 42 U.S.C. § 1983. Before

the Court are his two essentially identical motions for partial summary judgment [ECF

No. 61 and ECF No. 64, which have been referred for a Report and Recommendation

under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that both

motions be DENIED.

## I.   FACTS

In his amended complaint, Plaintiff alleges that she is a "homosexual prisoner who

is medically-detaled as having gender-dysphoria," and that she identifies as female. ECF

No. 33, PageID.198. She states that on March 18, 2019, Defendant Trombley ordered her

to "pack her shit" beause she was being moved to another unit. *Id*. PageID.198. However,

Plaintiff alleges that she was denied entrance into her new cell by the other prisoner who was there, who loudly announced, "Get this fag our [of] here or Ima slap him." *Id*. PageID.199.  Plaintiff states that Trombley heard this and laughed. Plaintiff asked Trumbley to move him to another cell, but Trumbley stated, "I'm giving you a direct order to lock down [here] or I'll take you to segregation." *Id*.  Plaintiff alleges that she went back to the cell, but was again denied entry by the other prisoner. She told Trombley that she believed the other prisoner would not let her in because she was gay, and that the other prisoner would hurt her if she went back. *Id*. Plaintiff alleges that although she asked for protection several times, Trombley again told her that he was giving her a direct order. Plaintiff entered the cell, and Trombley shut the door. *Id*. Plaintiff states that the cell-mate pushed her against the wall and spat in her face; a fight ensued during which Plaintiff's thumb was injured and a tooth was chipped. *Id*.  Plaintiff pushed the "panic button" in the cell, and Trombley told her not to do so or he would issue her a ticket. *Id*. In ¶ 14 of the amended complaint, Plaintiff states:

> "Trumbley denied [Plaintiff] protection or cell change due to her being gay; transgender and placed her knowingly in harms way which injured her and ordered a 'hit' on her and knew putting an openly gay transgender in cell w/ known gang leader w/ tatoos is very lethal. These acts constitute a Cruel and Unusual punishment claim and a Fourteenth Amendment Denial of Equal Protection claim." *Id*.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other

factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

## III.   DISCUSSION

This case is in its early stages, and no discovery has yet taken place. Nor has the Defendant filed an answer to the complaint; rather, he responded with his own motion for summary judgment, based on the allegation that Plaintiff failed to exhaust her administrative remedies before filing suit [ECF No. 52]. Although I filed a Report and Recommendation that the motion be denied [ECF No. 66], the time for filing objections has not expired, and there has no final decision on the Defendant's motion.

The Plaintiff's motion for partial summary judgment is therefore not based on depositions, documents, affidavits, or any other evidence. Rather, the Plaintiff, basically repeats the allegations in her amended complaint, arguing that her mere allegations, on their face, are sufficient to show that no trier of fact could reasonably find in favor of the Defendant. Plaintiff summarizes her basic argument as follows:

> "The layman would know placing a homosexual and transgender in a room with a gang member who doesn't like gays and will act out violently to secure his image as 'Mr. Macho' rather than lock with a homosexual and be [unreadable] by his own gang is an obvious risk.*" Plaintiff's Motion*, ¶ 6, ECF No. 61, PageID.294.

Again, there are no "depositions, answers to interrogatories, and admissions on file, together with the affidavits" in support of this claim. There is only Plaintiff's

-4-

assumptions about gang members, their "image," machismo, and their attitudes toward gays and violence toward gays. But this is not evidence, nor is Plaintiff's belief as to how the average layman might view these facts. Also, Plaintiff refers to video footage in support of her request for summary judgment. ECF No. 61, PageID.295. Yet, there has been no discovery, and the Court does not have any video before it. In short, Plaintiff has not demonstrated the absence of a genuine dispute over material facts.

In addition, as indicated previously, there is a pending defense motion for summary judgment based on a claim of non-exhaustion. If Defendant prevails on the motion, the case will be dismissed without prejudice, rendering the present motion moot. At best, Plaintiff's motion is premature. Although I recommend denying the motion, I would do so without prejudice to re-filing if she survives the Defendant's exhaustion motion, and if, following discovery, a request for summary judgment is warranted.

## IV.

I recommend that Plaintiff's motions for partial summary judgment [ECF No. 61 and ECF No. 64] be DENIED WITHOUT PREJUDICE.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638

F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: September 9, 2020

s/R. Steven Whalen
R. Steven Whalen
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 9, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager