UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MOHAMMED SALAMI,

                    Plaintiff,

                                        Case No. 19-CV-11558

          vs.

                                        HON. GEORGE CARAM STEEH

TRUMBLEY, et al.,

                    Defendants.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 66]

          Plaintiff Michael Mohammed Salami filed this *pro se* civil rights action

on May 28, 2019.   Defendant Brian Trombley filed a motion for summary

judgment (ECF No. 52) which was referred to the Magistrate Judge for a

Report and Recommendation ("R & R").   The basis of defendant's motion

was that plaintiff failed to properly exhaust his claims through the MDOC's

grievance process.   The Magistrate Judge found that plaintiff did properly

exhaust and recommended that defendant's motion be denied.

          Defendant timely filed two objections to the R & R.   When ruling on

objections to an R & R, the court conducts a de novo review of the portions

of the R & R to which a party has filed specific objections.   *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local*

- 1 -

*231*, 829 F.2d 1370, 1373 (6th Cir. 1987).   On the other hand, general objections, or ones that merely restate arguments previously presented to the magistrate judge, are not valid objections and are "tantamount to a complete failure to object."   *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

1. Exhaustion

Defendant's first objection is that in Grievance SRF-0293, Salami did not allege any threats by Trombley, any provocations by Trombley, or any fights with her cellmate as alleged in her complaint.   Therefore, defendant maintains that Salami did not allege a violation of a policy and thus failed to exhaust administrative remedies against Trombley.   These arguments, previously made before the Magistrate Judge, were considered and addressed in the R & R.

The purpose of a grievance is to give prison officials fair notice of the conduct that underlies the Plaintiff's legal claim.   *Jones v. Bock*, 549 U.S. 199, 219 (2007).   "[T]he exhaustion requirement does not require a prisoner's grievance to allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory. Rather, it is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that

forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Green v. Miller*, 2014 WL 1846063, at *4–5 (E.D. Mich. May 8, 2014) (*citing Burton v. Jones*, 321 F.3d 569, 575 (6th Cir.2003), abrogated in part on other grounds by *Jones*, 549 U.S. at 217)).

In Grievance SRF-0293, Salami stated that Trombley abused his power to enforce a direct order on March 18, 2019 when "he moved me into a room w/ an inmate who didn't like gays." Salami states that Trombley "knew [the] safety risk involved and then deliberately disregarded the risk." Salami describes asking Trombley for protection – "I then went downstairs to tell [Trombley] I can't lock with him for safety reasons." The court concludes that the facts Salami included in her grievance were sufficient to give the prison authorities fair notice of Trombley's conduct as well as to satisfy the exhaustion requirement.

2.  Eighth Amendment Claim

Second, defendant contends that the claims exhausted against him are limited to the allegations explicitly set forth in plaintiff's Step I grievance. Defendant argues that Salami's allegations of verbal harassment from her cellmate, without more, cannot sustain an Eighth Amendment failure-to-protect claim. Salami's grievance alleges more than verbal harassment by

a cellmate.   The grievance alleges that Trombley knowingly failed to act on a risk that Salami would be assaulted by her new cellmate. Salami used phrases including: "known hostile room that could endanger me", "known safety risk", "deliberately disregarded the risk", and "new guy . . . refused entry to me."   As found by the Magistrate Judge, this type of conduct is the gravamen of an Eighth Amendment "failure to protect" claim.   R & R at 8 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official must both "know[ ] of and disregard[ ] an excessive risk to inmate health or safety.")).

Now, therefore, for the reasons stated in this opinion and order,

IT IS HEREBY ORDERED that defendant's objections are OVERRULED.

IT IS HEREBY FURTHER ORDERED that the Report and Recommendation [ECF No. 66] is accepted by the Court.

IT IS HEREBY FURTHER ORDERED that defendant's motion for summary judgment [ECF No. 52] is DENIED.

Dated:   September 21, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 21, 2020, by electronic and/or ordinary mail and
also on Michael Mohammed Salami #879045,
Carson City Correctional Facility, 10274 Boyer Road,
Carson City, MI 48811.

s/Brianna Sauve
Deputy Clerk