UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL MOHAMMED SALAMI,

           Plaintiff,                        No. 19-10607

v.                                     District Judge George Caram Steeh
                                     Magistrate Judge R. Steven Whalen


TRUMBLEY, ET AL.,

           Defendants.

_____ /

**REPORT AND RECOMMENDATION**

On May 28, 2019, Plaintiff, a prison inmate in the custody of the Michigan

Department of Corrections, filed a *pro se* civil complaint under 42 U.S.C. § 1983. Before

the Court is her motion for default judgment [ECF No. 90], premised on a request under

Fed.R.Civ.P. 37(e) for a discovery sanction for destruction of video evidence. The motion

has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For

the reasons discussed below, I recommend that the motion be DENIED.

**I.    FACTS**

As set forth in her amended complaint, Plaintiff's claims center on an incident that

is alleged to have occurred on March 18, 2019. Plaintiff alleges that she is a "homosexual

prisoner who is medically-detailed as having gender-dysphoria," and that she identifies as

female. ECF No. 33, PageID.198. She states that on March 18, 2019, Defendant

Trombley ordered her to "pack her shit" because she was being moved to another unit. *Id*.

PageID.198. However, Plaintiff alleges that she was denied entrance into her new cell by

the other prisoner who was there, who loudly announced, "Get this fag our [of] here or

Ima slap him." *Id*. PageID.199.  Plaintiff states that Trombley heard this and laughed.

Plaintiff asked Trumbley to move him to another cell, but Trumbley stated, "I'm giving

you a direct order to lock down [here] or I'll take you to segregation." *Id*.  Plaintiff alleges

that she went back to the cell, but was again denied entry by the other prisoner. She told

Trombley that she believed the other prisoner would not let her in because she was gay,

and that the other prisoner would hurt her if she went back. *Id*. Plaintiff alleges that

although she asked for protection several times, Trombley again told her that he was

giving her a direct order. Plaintiff entered the cell, and Trombley shut the door. *Id*.

Plaintiff states that the cell-mate pushed her against the wall and spat in her face; a fight

ensued during which Plaintiff's thumb was injured and a tooth was chipped. *Id*.  Plaintiff

pushed the "panic button" in the cell, and Trombley told her not to do so or he would

issue her a ticket. *Id*.

On October 29, 2020 and November 25, 2020, Plaintiff sent Defendant Trombley

requests for discovery of video footage from March 18, 2019. Trombley responded to that

request, stating that no responsive video evidence existed. *See* ECF No. 86-9,

PageID.428-430.[1] Trombley has also provided an affidavit, attached to his response to

this motion [ECF No. 88-2, PageID.469, in which he states, "I do not have access to, or

control over, the video recording system at SRF. As such, preservation of video evidence

is outside of my control."

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 37(e) provides that the Court may enter a default judgment against a

defendant who fails to preserve electronically stored information:

> **(e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved** in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

## III.   DISCUSSION

First, in responding to Plaintiff's discovery requests, Defendant Trombley

---

[1] By separate order I have denied Plaintiff's motion to compel production of the video evidence, her own health records, and Trombley's disciplinary file [ECF No. 87].

affirmatively stated that no video evidence from the date in question exists. Whether or not Plaintiff likes it, that is Trombley's answer. More to the point, Trombley cannot produce what is not within his lawful custody and control, and any video evidence, even if it exists, would be in the custody of the MDOC, not Trombley. Nor would Trombley have the authority to order video evidence preserved.

Therefore, Plaintiff has not met the Rule 37(e) requirement that to obtain a default judgment, it must be shown that *this Defendant* lost or failed to preserve the video evidence. Her motion must therefore be denied.

## IV.   CONCLUSION

I recommend that Plaintiff's motion for default judgment [ECF No. 90] be DENIED.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.

1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 22, 2021

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 22, 2021, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen
