UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MOHAMMED SALAMI,

        Plaintiff,                       No. 19-11558

v.                                     District Judge George Caram Steeh
                                       Magistrate Judge R. Steven Whalen

BRIAN TROMBLEY,

        Defendant.
_____/

**ORDER**

       Before the Court is Plaintiff's motion for depositions by written questions [ECF No. 94], in which he seeks to depose 11 witnesses, some of whom are identified by name, and some of whom are not. One of the witnesses he seeks to depose is Defendant Brian Trombley. The others are non-parties. One, Jacob Stanley Kiefer, is a prison inmate.

       Under Fed.R.Civ.P. 31, a deposition may be taken by written questions. As with a deposition by oral examination under Rule 30, a deposition by written questions must be conducted in the presence of a court reporter, and the court reporter must transcribe the proceedings, consistent with Rule 28(a). Of course, the court reporter must be paid. It is the Plaintiff's obligation to obtain a court reporter, and to provide every party with a notice, which "must also state the name or descriptive title and the address of the officer before whom the deposition will be taken." Fed.R.Civ.P. 31 (a)(3).  In his motion,

Plaintiff asks that a Court officer or Clerk take the deposition, and states that he will pay for up to 2.5 hours.

First, except for Kiefer, who is a prison inmate, Plaintiff may take Rule 31 depositions without leave of the Court. Fed.R.Civ.P. 31(a)(1). Secondly, as Defendant points out, Plaintiff has previously represented to this Court that he lacks the financial ability to even pay for copies of written discovery, ECF No. 87, PageID.432, so it seems unlikely that he would be able to pay for a court reporter. His request that the Court Clerk or an officer of this Court take the deposition is not authorized by any Rule or statute. *See Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, * 1 (N.D. Ill. June 26, 1996) ("The taking of depositions would entail stenographic or court reporter expenses which this court is not authorized to pay, and plaintiff has made no showing that he is able to pay the expenses for the taking of the depositions."). *See also See also Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. § 1915 'does not extend to the cost of taking and transcribing a deposition.'); *Ebenhart v. Power*, 309 F.Supp. 660, 661 (S.D.N.Y. 1969) ('Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.'); *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (§ 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 184–85 (S.D.N.Y. 1986) (in forma pauperis statute does not require government to advance funds for deposition expenses); *Toliver v. Cmty.*

*Action Comm'n to Help the Econ.*, 613 F.Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for pro se in forma pauperis plaintiff).

Moreover, depositions of these witnesses would almost certainly consume more than 2.5 hours, even if Plaintiff were able to pay for that amount.

As to Kiefer, Plaintiff has not indicated why that witness needs to be deposed and why this Court should grant leave to depose him. Finally, as to Defendant Trombley, Plaintiff has discovery tools other than depositions at his disposal, in particular interrogatories under Rule 33.

Therefore, Plaintiff's motion [ECF No. 94] is DENIED.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: April 5, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 5, 2021, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen