UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MOHAMMED SALAMI,

    Plaintiff,                                       No. 19-11558

v.                                                District Judge George Caram Steeh
                                                   Magistrate Judge R. Steven Whalen

BRIAN TROMBLEY,

    Defendant.
_____/

**ORDER**

Plaintiff Michael Mohammed Salami, a *pro se* prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), has filed the following motions:

-Motion for leave to conduct oral depositions of incarcerated persons [ECF No. 98];

-Motion to conduct deposition of witnesses [ECF No. 99];

-Motion for ex parte subpoena [ECF No. 100]; and

-Motion for protective order [ECF No. 101].

For the following reasons, all four motions will be DENIED.

ECF Nos. 98 and 99

In ECF No. 98, Plaintiff seeks the deposition of another inmate, Reeves. In ECF No. 99, she seek the deposition of MDOC employees, including Defendant Trombley. But

-1-

she seeks to conduct these "depositions" by means that are not consistent with the Federal Rules. Rather that having a court reporter, Plaintiff requests extraordinary conditions, including that his mother be patched in to the telephone call over which the questioning of the witnesses will occur; that the depositions will be recorded by audio/video means; that MDOC personnel not be allowed to overhear the call or be present in the room where the witnesses, including prisoner Reeves and other inmates, would be located; that the MDOC arrange to have a notary public swear in the witnesses and then leave the room (Plaint states that he will pay $1 for the notary services); that the MDOC would produce a DVD of the depositions and send it to Plaintiff's mother; that the MDOC provide the United States Marshals Service with a copy of the DVD, and that the Marshal hand-deliver the DVD to the Clerk of the Court; that the Clerk place the video in bubble wrap and order it sealed (Plaintiff states that he will pay for the bubble wrap); and so on. ECF No. 98, PageID.558; ECF No. 99, PageID.561-562.

One hardly knows where to begin. Of course, the MDOC is not a party to this case, and this Court cannot order the MDOC to provide video or audio technology to record a deposition, to pay for any part of the proceedings, to mail material to the Plaintiff's mother or to the U.S. Marshals, and certainly not to modify or disregard its security procedures regarding where its staff or other prisoners are positioned. Moreover, a deposition must be taken by "an officer authorized to administer oaths authorized by federal law in the place of examination." Fed.R.Civ.P. 28(a)(1)(A). The officer, i.e., a

court reporter, must be present during the deposition, and it is not sufficient for a notary public to simply swear a witness and then leave the room. *See* Fed.R.Civ.P. 30(b)(5). And there is simply no provision in the Federal Rules for a party's mother to listen in by telephone and record the proceedings, in lieu of a certified court reporter. "The taking of depositions would entail stenographic or court reporter expenses which this court is not authorized to pay, and plaintiff has made no showing that he is able to pay the expenses for the taking of the depositions." *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, * 1 (N.D. Ill. June 26, 1996); see also *Belle v. Crawford*, No. CIV. A. 91–8013, 1993 WL 59291, *8 (E.D. Pa. Mar. 8, 1993) ("A defendant is not required to advance the plaintiff's deposition expenses merely because the plaintiff is unable to pay for such costs and fees. And, once again, the in forma pauperis statute ..., likewise does not require the Government to advance funds for deposition expenses.") (other citations omitted)." *See also Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. § 1915 'does not extend to the cost of taking and transcribing a deposition.'); *Ebenhart v. Power*, 309 F.Supp. 660, 661 (S.D.N.Y. 1969) ('Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.'); *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (§ 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 184–85 (S.D.N.Y. 1986) (in forma pauperis statute does not require government to advance funds for deposition

expenses); *Toliver v. Cmty. Action Comm'n to Help the Econ.*, 613 F.Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for pro se in forma pauperis plaintiff).

ECF No. 100

Here, Plaintiff asks the Court to order MDOC personnel to seize the computer tablet of inmate Reeves and inspect it for gang literature (and to photograph or videotape the inspection), to seize Reeves' person and videotape his tattoos, and to seize and inspect any documents in Reeves' possession

Part of Plaintiff's claims involve his allegation that Reeves was part of a prison gang that harbored ill will toward homosexuals. In his response, Defendant Trombley has included the affidavit of Tracey Raquepaw, an administrative assistant at the Saginaw Correctional Facility, where Reeves is housed. She states that a search of facility records pertaining to Reeves revealed "no documented gang involvement or Security Threat Grour (STG) designation for Reeves." ECF No. 102-1, Page ID.590. But more importantly, this Court has no authority to order the non-party MDOC to conduct a search of a non-party inmate.

ECF No. 101

In this motion, Plaintiff asks that Defendant's counsel be made to cease referring to her as being a frivolous litigant, or having file frivolous motion or pleadings. As Defendant points out, however, Plaintiff has in the past been denied IFP status under the

Prison Litigation Reform Act for having filed frivolous pleadings. ECF No. 102, PageID.584.  In addition, the Court is perfectly capable of deciding any motions on their merits without regard to the rhetoric of either the Defendant's lawyer or the Plaintiff.

Therefore, Plaintiff's motions [ECF No. 98, 99, 100, and 101] are DENIED.

IT IS SO ORDERED.

                                                              s/ R. Steven Whalen
                                                              R. STEVEN WHALEN
                                                              UNITED STATES MAGISTRATE JUDGE

Dated: April 5, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 5, 2021, electronically and/or by U.S. mail.

                                                              s/Carolyn M. Ciesla
                                                              Case Manager to the
                                                              Honorable R. Steven Whalen