UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL SALAMI, | Case No.: 19-11558 |
| Plaintiff, | |
| v. | George Caram Steeh |
| | United States District Judge |
| TRUMBLEY, | |
| Defendant. | Curtis Ivy, Jr. |
| _____/ | United States Magistrate Judge |

**REPORT AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL (ECF No. 131)**

**I. PROCEDURAL HISTORY**

Plaintiff Michael Salami[1] initiated this civil rights action on May 28, 2019 without the assistance of counsel. (ECF No. 1). Over the course of the litigation, Plaintiff has filed a plethora of discovery requests and discovery motions to which Defendant responded.[2] (ECF No. 132, PageID.837-40, 841-43). Defendant noticed Plaintiff's deposition on two separate occasions but, without providing prior notice, she failed to appear on either occasion. (*Id.* at PageID.841-43). Subsequently, Defendant filed a Motion to Dismiss on July 2, 2021. (ECF No. 125). On July 8, 2021, Defendant filed a Motion for Summary Judgment. (ECF

---

[1] Plaintiff refers to herself using female pronouns. The Court will follow suit.

[2] Based on the undersigned's review of the docket, Plaintiff filed over a dozen separate discovery motions.

No. 127).  On the same day, the Court ordered Plaintiff to file a response to both dispositive motions by August 23, 2021.  (ECF No. 128, PageID.819).  Further, the Court warned that failure to do so "**may result in sanctions, including granting all or part of the relief requested by the moving party**." (*Id.*) (emphasis in original).

In lieu of a response, Plaintiff filed a motion for voluntary dismissal without prejudice.  (ECF No. 131).  Defendant filed a response contending that in light of Plaintiff's excessive discovery requests, motions, and failure to participate in the discovery process at times, the Court should not permit Plaintiff to voluntarily dismiss her claim without prejudice.  (ECF No. 132, PageID.845-47).  Defendant requested the Court instead dismiss Plaintiff's action while imposing more stringent conditions.[3]  (*Id.* at PageID.851).  On June 25, 2021, this case was referred to the undersigned for all pretrial purposes.  (ECF No. 124).

For the reasons that follow, the undersigned **RECOMMENDS** that Plaintiff's motion to voluntarily dismiss the action (ECF No. 131) be **GRANTED**

---

[3] Defendant requests the Court grant one of the following three forms of relief: (1) dismiss Plaintiff's action with prejudice, (2) condition Plaintiff's voluntary dismissal on the payment of Defendant's attorney's fees and costs, including the cost of the two previously noticed depositions, or (3) grant Defendant's motion for summary judgment and/or motion to dismiss and dismiss the instant action with prejudice for the reasons stated in each respective motion.

2

**WITH PREJUDICE** and that the outstanding motions, including the dispositive motions, (ECF Nos. 103, 121, 125, and 127) be **TERMINATED AS MOOT**.

## II.   DISCUSSION

### A.   Standard of Review

Voluntary dismissals are governed by Fed. R. Civ. P. 41(a)(2),[4] which provides in pertinent part:

> ***By Court Order; Effect.***  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, **on terms that the court considers proper**. . . .  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

(emphasis added).  Rule 41(a)(2) is "a discretional procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal 'as the court deems proper.'" *Bridgeport Music v. Universal-MCA Music Publ.*, 481 F.3d 926, 931 (6th Cir. 2007) (quoting Fed. R. Civ. P. 41(a)(2)).  In the exercise of its discretionary authority under Rule 41(a)(2), "the district court must provide some indication as to why it exercised its discretion as it did." *Bridgeport Music*, 481 F.3d at 931.

---

[4] Though Plaintiff does not cite a specific rule on which she relies for the requested relief, the Court will evaluate the motion pursuant to Fed. R. Civ. P. 41(a)(2) as a motion for summary judgment has already been filed and Defendant did not stipulate to the dismissal of the instant action. (ECF No. 132, PageID.844).

"An order of dismissal under Rule 41(a)(2) is ordinarily 'without prejudice' unless such a ruling would cause the defendant to suffer 'plain legal prejudice.'" *Dohanyos v. County of Oakland*, 2008 WL 11494792, at *1 (E. D. Mich. Feb. 5, 2008). "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1998) (citing *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969))). The prospect of facing a second legal proceeding is not sufficient to result in "plain legal prejudice" and is therefore insufficient on its own to defeat a motion for voluntary dismissal. *Grover by Grover*, 33 F.3d at 718. Likewise, the fact that the moving party may gain some tactical advantage in a future lawsuit is not sufficient to show plain legal prejudice. *See Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987).

B. <u>Analysis</u>

Plaintiff requests that the Court voluntarily dismiss this action without prejudice, but provides no explanation as to why. (ECF No. 131, PageID.832). Defendant contends that under the *Grover* factors, Plaintiff's alleged actions over

the course of the ligation warrant the imposition of a more stringent condition in addition to dismissing Plaintiff's action. (ECF No. 132, PageID.845). Further, Defendant expresses concern that granting Plaintiff's motion without prejudice will allow her to "simply refile and start anew." (*Id.* at PageID.846, 851).

After assessing whether Defendant will suffer plain legal prejudice[5] by the voluntary dismissal of Plaintiff's claims without prejudice, the Court finds that the four *Grover* factors support granting Plaintiff's motion while imposing more stringent conditions. First, as discussed above Plaintiff filed numerous motions, including over a dozen discovery motions, to which Defendant responded. This fact demonstrates that Defendant has expended a fair amount of time, effort, and expense defending the case and preparing for trial. However, this fact also demonstrates that at the beginning of the action, Plaintiff was committed to prosecuting the matter and did not engage in delay tactics to impede the progression of the case. *J-Rich Clinic, Inc. v. CosMedic Concept, Inc.*, 2005 WL 8154355, at *1 (E.D. Mich. Jan. 13, 2005) ("[T]he record shows that plaintiff's prosecution of the action has been at times overzealous, rather than insufficiently diligent."). This was true until Plaintiff ceased engaging in the litigation by failing

---

[5] The only potential legal prejudice identified by Defendant in his response is that granting Plaintiff's motion will allow her to "simply refile and start anew." (*Id.* at PageID.846, 851). As explained above, the prospect of facing a second legal action is not sufficient to result in "plain legal prejudice" and is therefore insufficient on its own to defeat a motion for voluntary dismissal. *Grover by Grover*, 33 F.3d at 718.

5

to (i) appear for her deposition on two separate occasions, (ii) respond to Defendant's pending discovery and dispositive motions despite multiple court orders directing her to do so, and (iii) update her mailing address (ECF No. 128, PageID.818). Plaintiff's recent actions, or more so lack thereof, communicate a disinterest in continuing to prosecute her claim.

Third, Plaintiff's disinterest in continuing to litigate her claims was confirmed when she filed her request for a voluntary dismissal without prejudice which did not include an explanation as to why. (ECF No. 131). Plaintiff's failure to include an explanation leaves the undersigned unable to assess whether Defendant is more or less likely to suffer from plain legal prejudice. However, the timing is interesting as the request was filed a month after discovery closed (ECF No. 108, PageID.624) and after Defendant filed his summary judgment motion.[6] Further, Plaintiff did not bother to file a response to the motion despite being warned that a failure to do so "**may result in sanctions**." (ECF No. 128, PageID.819) (emphasis in original).

After balancing the case-specific *Grover* factors, as outlined hereinabove, the undersigned finds that granting Plaintiff's motion for voluntary dismissal with

---

[6] Defendant contends in his summary judgment motion that Plaintiff fabricated her allegations in order to compel a cell change at the correctional facility and that she admitted as much during a telephone conversation call with her mother. (ECF No. 127, PageID.731-32). To date, Plaintiff has not filed a response to the motion.

6

additional conditions is warranted. Based on Plaintiff's actions (e.g., disregard for the Court's orders (ECF Nos. 104, 126, 128), failure to appear for her noticed depositions, and failure to provide an explanation as to why she is requesting a voluntary dismissal) the undersigned **RECOMMENDS** Plaintiff's voluntary dismissal should **BE GRANTED WITH PREJUDICE**. *Bridgeport Music*, 481 F.3d at 931 (6th Cir. 2007) (quoting Fed. R. Civ. P. 41(a)(2)) (Rule 41(a)(2) is "a discretional procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal 'as the court deems proper.'"); *Dohanyos*, 2008 WL 11494792 at *2 (Steeh, J., granting Plaintiff's motion for voluntary dismissal but finding that the case factors militated in favor of dismissal with prejudice).

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's motion for voluntary dismissal (ECF No. 131) be **GRANTED WITH PREJUDICE**.

Further, the undersigned **RECOMMEDS** that Defendant's second motion to quash (ECF No. 103), Plaintiff's motion for limited appointment of counsel (ECF No. 121), Defendant's motion to dismiss (ECF No. 125), and Defendant's motion for summary judgment (ECF No. 127 ) be **TERMINATED AS MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 29, 2021                                s/Curtis Ivy, Jr.
                                                     Curtis Ivy, Jr.
                                                     United States Magistrate Judge

# CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 29, 2021, by electronic means and/or ordinary mail.

                                            s/Kristen MacKay
                                            Case Manager
                                            (810) 341-7850